**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4392

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GERALD KEMONDRE TAYLOR,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Roderick Charles Young, District Judge.  (3:23-cr-00129-RCY-1)

Submitted:  August 26, 2025                    Decided:  September 30, 2025

Before NIEMEYER and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Geremy C. Kamens, Federal Public Defender, Salvatore M. Mancina, Assistant Federal Public Defender, Laura J. Koenig, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Erik S. Siebert, United States Attorney, Olivia L. Norman, Assistant United States Attorney, James Reed Sawyers, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal grand jury indicted Gerald Kamondre Taylor for possession of a machinegun, in violation of 18 U.S.C. § 922(o). Taylor moved to dismiss the indictment, arguing that § 922(o) violated the Second Amendment on its face and as applied under *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). The district court denied the motion and Taylor pleaded guilty, reserving the right to appeal the denial of his motion to dismiss the indictment. The district court sentenced Taylor to 24 months of imprisonment and Taylor appeals, challenging the constitutionality of § 922(o). We affirm.

"When reviewing the denial of a defendant's motion to dismiss an indictment, we review the district court's legal conclusions de novo and its factual findings for clear error." *United States v. Skinner*, 70 F.4th 219, 223 (4th Cir. 2023). Pursuant to *Bruen*, in deciding whether a regulation is consistent with the Second Amendment, we first ask "whether the plain text of the Second Amendment guarantees the individual the right to possess" machineguns. *Bianchi v. Brown*, 111 F.4th 438, 447 (4th Cir. 2024), *cert. denied*, *Snope v. Brown*, 145 S. Ct. 1534 (2025) (internal quotation marks omitted). "If not, that ends the inquiry." *United States v. Price*, 111 F.4th 392, 398 (4th Cir. 2024), *cert. denied*, 145 S. Ct. 1891 (2025). "But if it does, then, second, we must ask whether the [g]overnment has justified the regulation as consistent with the principles that underpin our nation's historical tradition of firearm regulation." *Id.* (internal quotation marks omitted).

Here, the inquiry ends with the first step of the *Bruen* test. At that step, courts ask "whether the weapons regulated by the challenged regulation were in common use for a lawful purpose, [such as] self-defense." *Id.* at 400. "We know from Supreme Court

2

precedent that short-barreled shotguns and machineguns are not in common use for a lawful purpose." *Id.* at 403; *see District of Columbia v. Heller*, 554 U.S. 570, 624 (2008) (noting it would be "startling" to suggest that the National Firearms Act's restrictions on machineguns might be unconstitutional). Taylor concedes that his weapon qualifies as a machinegun because it shoots multiple rounds with one function of the trigger. We conclude that § 922(o) is constitutional on its face and as applied to Taylor's conduct in possessing a machinegun.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately addressed in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*